## FIBRE YARN CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7244. Promulgated February 2, 1928.

*Meyer Bernstein, Esq.*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

480

## OPINION.

PHILLIPS: There can be no doubt that the respondent erred in adding to petitioner's income for 1922 the amount of a reserve set up in 1919 to provide for possible future losses. Such reserve did not at any time represent a liability and the amount credited to the reserve was at all times a part of the surplus funds of the petitioner. The bookkeeping entry made in 1922 did no more than restore to surplus a portion thereof previously set aside for a special purpose. No income resulted to the petitioner from such an entry.

Section 214 (a) (7) of the Revenue Act of 1921 permits the deduction of:

Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The Commissioner disallowed a part of the amount claimed by the petitioner for bad debts. It appears that on January 1, 1921, the reserve for bad debts amounted to $300. During 1921, debts of $3,552.03 were written off the books. At the end of the year the reserve was $904.

These transactions were recorded on two accounts on the books, but the effect of the whole was to make an addition of $4,156.03 to the reserve for bad debts and to charge against this reserve the debts found to be worthless. In a similar manner debts of $5,758.95 were written off the books in 1922. There were recoveries of $400.59. At the end of the year the reserve was increased to $5,000. The effect on the accounts for this year was to make a net addition of $9,454.36 to the reserve. The Commissioner having refused to allow

a part of the deduction claimed, the question for decision is whether these additions were reasonable.

The uncontradicted testimony is that the amount of the reserve at the close of 1922 was based upon an examination of the outstanding accounts by one having knowledge of the financial situation of the debtors. The same person testified that he did not know how the amount at the beginning of the year was established and we are without any other evidence of the basis on which this amount was reached. It should be clear that if the reserve for bad debts is inadequate at the beginning of the year but is adequate at its close, the amount added thereto must have been sufficient to care for the inadequacy existing at the beginning of the year. To some extent it is an addition which should have been made in the prior year, and to the same extent it is unreasonable for the year in question. It was not intended that taxable income might be distorted from year to year by making an inadequate addition to the reserve in one year and an excessive addition in some future year. Here the petitioner had, at the close of 1920, accounts receivable of $28,958.80 and a reserve of $300; at the close of 1921, accounts receivable of $30,133.87 and a reserve of $904; at the close of 1922 accounts receivable of $31,071.23 and a reserve of $5,000. Accounts known to be worthless had been eliminated from the receivables and no longer were to be provided for in the reserve. Accounts receivable were substantially the same at the close of each year. In the absence of some explanation, there would seem to be no reason why the reserve in each year should not have been substantially the same. The only witness produced who had any knowledge of the accounts was unable to state how the reserves were arrived at prior to December 31, 1922. The Commissioner disallowed so much of the addition as was not necessary to provide for debts written off during the year. The effect of his action is to leave the same balance in the reserve account at the close of each year. On its face this seems proper and there is nothing in the evidence which even suggests that it was improper. The adjustments made in the deductions claimed for bad debts are approved.

It was stipulated that the Commissioner erroneously included as income the amount of $2,460.69, representing the amount in excess of cost at which certain assets purchased during the year were set up on the petitioner's accounts. In the recomputation of the deficiency, proper adjustment should be made.

A fourth error assigned in the petition was abandoned at the hearing.

*Decision will be entered on 20 days' notice, under Rule 50.*